1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10

11

12

PUGET SOUND ELECTRICAL WORKERS
HEALTHCARE TRUST; PUGET SOUND
ELECTRICAL WORKERS PENSION TRUST;
PUGET SOUND ELECTRICAL WORKERS
401(K) SAVINGS PLAN TRUST; and PUGET
SOUND ELECTRICAL JOINT
APPRENTICESHIP AND TRAINING TRUST
FUND,

Case No. 2:23-cv-00707

COMPLAINT FOR EQUITABLE RELIEF
AND FOR MONETARY DAMAGES

13

14

Plaintiffs,

v.

15

TAPPS ELECTRIC LLC, a Washington limited
liability company,

16

Defendant.

17

## I. PARTIES

18

19

20

21

1.1    Plaintiff Puget Sound Electrical Workers Healthcare Trust (the Healthcare Trust) is

a Taft-Hartley trust fund created for the purpose of providing eligible employees, dependents, and

beneficiaries with healthcare, vacation, and related benefits.  It maintains its principal and

administrative offices in Mercer Island, King County, Washington.

22

23

1.2    Plaintiff Puget Sound Electrical Workers Pension Trust (the Pension Trust) is a

Taft-Hartley trust fund created for the purpose of providing benefits for the support of eligible

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1    employees after retirement and/or their beneficiaries pursuant to a pension plan.  It maintains its

2    principal and administration offices in Mercer Island, King County, Washington.

3         1.3    Plaintiff Puget Sound Electrical Workers 401(k) Savings Plan Trust (the 401(k)

4    Trust) is a Taft-Hartley trust fund created for the purpose of providing support of eligible

5    employees after retirement and their beneficiaries pursuant to a 401(k) savings plan.  It maintains

6    its principal and administration offices in Mercer Island, King County, Washington.  It was

7    formerly known as the Local 46 Retirement Annuity Trust.

8         1.4    Plaintiff Puget Sound Electrical Joint Apprenticeship & Training Trust (the

9    Training Trust) is a Taft-Hartley trust fund created for the purpose of providing education benefits

10   to eligible employees.  It maintains its principal and administrative offices in Mercer Island, King

11   County, Washington.

12        1.5    The Plaintiffs are commonly known as the Puget Sound Electrical Workers Trust

13   Funds (the Trust Funds).

14        1.6    Defendant Tapps Electric LLC (Tapps Electric) is a Washington limited liability

15   company with its principal place of business in Bonney Lake, Pierce County, Washington.

16                          **II.  JURISDICTION AND VENUE**

17        2.1    This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee

18   Retirement Income Security Act of 1974 (ERISA), codified at 29 U.S.C. §1132(e)(1).

19        2.2    Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C.

20   §1132(e)(2), and pursuant to agreement between the parties.

21                                  **III.  FACTS**

22        3.1    On or about January 31, 2021, William Morris, identifying himself as the

23   "President" of Tapps Electric, executed a Letter of Assent with the IBEW Local 46 (the Union)

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 2
2:23-cv-00707

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

binding the company to the Union's Inside Construction master labor agreement with Puget Sound

Chapter, NECA.  The Letter of Asset provides in part:

> In signing this letter of assent, the undersigned firm does hereby authorize PUGET SOUND CHAPTER, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved INSIDE CONSTRUCTION labor agreement between the PUGET SOUND CHAPTER, NECA and Local Union 46, IBEW.  In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements.  This authorization, in compliance with the current approved labor agreement, shall become effective on the 13th day of JANUARY, 2021…

3.2     Signing the Letter of Assent made Tapps Electric party to the Inside Construction

master labor agreement between the Union and the Puget Sound Chapter, National Electrical

Contractors Association.  The current version of the Inside Construction master labor agreement

is effective June 1, 2021.

3.3     Also on or about January 31, 2021, William Morris, again identifying himself as

the "President" of Tapps Electric, executed a Letter of Assent with the Union binding the company

to the Union's Residential Wire master labor agreement with Puget Sound Chapter, NECA.  The

Letter of Asset provides in part:

> In signing this letter of assent, the undersigned firm does hereby authorize PUGET SOUND CHAPTER, NECA as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved RESIDENTIAL labor agreement between the PUGET SOUND CHAPTER, NECA and Local Union 46, IBEW.  In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements.  This authorization, in compliance with the current approved labor agreement, shall become effective on the 13th day of JANUARY, 2021…

3.4     Signing the Letter of Assent made Tapps Electric party to the Residential Wire

master labor agreement between the Union and the Puget Sound Chapter, National Electrical

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 3
2:23-cv-00707

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Contractors Association.  The current version of the Residential Wire master labor agreement is effective June 1, 2021.

3.5    Under the terms of both the Inside Wire and the Residential Wire master labor agreements, Tapps Electric agreed to pay fringe benefits to the Trust Funds monthly, for each hour of covered work performed by employees of the company.

3.6    The Trust Funds are intended third-party beneficiaries of both master labor agreements.

3.7    Under the terms of both the Inside Wire and the Residential Wire master labor agreements, Tapps Electric agreed to the written terms of the (i) Puget Sound Electrical Workers Healthcare Trust; (ii) Puget Sound Electrical Workers Pension Trust; (iii) Puget Sound Electrical Workers 401(k) Savings Plan Trust; and (iv) Puget Sound Electrical Workers Joint Apprenticeship and Training Trust, as well as other ancillary funds mentioned in the master labor agreements.

3.8    Tapps Electric was required to provide its monthly reports and contributions payments to the Trust Funds' administration office no later than the 15th of each month following the month in which the hours were worked.  Tapps Electric also agreed to pay the Trust Funds liquidated damages, interest, attorney fees, and costs of collection for any delinquency.

3.9    Tapps Electric's obligations to the Healthcare Trust are set forth in Article IX, §§1 – 9 and Amendment No. 5 to Article IX, Section 5 of the Trust Agreement Governing a Joint Labor-Management Employee Welfare Benefit Trust Fund, dated February 23, 1954, and as amended.  Under the Healthcare Trust, Tapps Electric agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargain agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 4
2:23-cv-00707

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.10    Tapps Electric's obligations to the Pension Trust are set forth in Article IV of the Puget Sound Electrical Workers Pension Trust, Trust Agreement, amended and restated effective January 1, 2004.  Under the Pension Trust, Tapps Electric agreed to among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten percent (10%) on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve percent (12%) per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.11    Tapps Electric's obligations to the 401(k) Trust are set forth in Article IV of the Puget Sound Electrical Workers 401(k) Savings Plan Trust, dated September 1, 2016.  Under the 401(k) Trust, Tapps Electric agreed to, among other things:

- Submit its reports and payments on or before the 15th day of the calendar month following the month in which the hours were worked;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or fifty dollars ($50.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies of twelve percent (12%) per annum; and

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 5
2:23-cv-00707

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of the Trust Fund's attorney fees and costs of collection.

3.12    Tapps Electric's obligations to the Training Trust are set forth in Section 20 of the Puget Sound Electrical Joint Apprenticeship and Training Trust Fund Agreement, dated November 6, 2000.  Under the Training Trust, Tapps Electric agreed to, among other things:

- Submit its reports on or before the due date specified in the collective bargaining agreement or as set by the trustees, even if the company had no employees for that period of time;

- Submit to a Trust Fund audit of the company's payroll books and records as necessary for the administration of the Trust Fund;

- Payment of liquidated damages of ten (10) percent on all delinquent contributions or twenty-five dollars ($25.00), whichever is greater, if suit is filed, liquidated damages of twenty percent (20%) of the delinquent contributions, with accrued interest on all delinquencies at twelve (12) percent per annum; and

- Payment of the Trust Fund's attorney fees and costs of collection.

3.13    Each of the trust agreements contain clauses which require signatory employers such as Tapps Electric to submit to an audit of the company's payroll and related business records by the Trust Funds.

3.14    Following execution of the master labor agreements, Tapps Electric employees performed covered work and began the monthly reporting and payment of contributions to the Trust Funds.

3.15    Upon information and belief, Tapps Electric has not terminated the Letters of Assent binding itself to the master labor agreements.

3.16    In February 2023, Tapps Electric was referred to counsel for failing to cooperate with the Trust Funds' audit of the company's payroll and related business records for the period April 1, 2022 through September 30, 2022.  Tapps Electric was selected for a routine audit to

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 6
2:23-cv-00707

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1    determine whether the company had properly reported and paid fringe benefit contributions during

2    the audit testing period.

3       3.17    On March 14, 2023, demand was made upon Tapps Electric for compliance with

4    the Trust Funds' auditor and to produce payroll and related business records necessary to conduct

5    the audit.

6       3.18    Tapps Electric did not respond to the demand and, given the company's prior

7    delinquency history and unpaid liquidated damages and interest from those prior delinquencies,

8    the Trust Funds filed this action.

9       3.19    As of the date of this complaint, Tapps Electric has failed and/or refused to provide

10   the payroll and related business records requested by the Trust Funds' auditor.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.19, above.

4.2    Tapps Electric's failure to comply with the audit constitutes a breach of the terms of the applicable Trust Agreements, the terms of which Tapps Electric agreed to when it became party to the Inside Wire and Residential Wire master labor agreements.

4.3    As a result of Tapps Electric's breaches, the Trust Funds have been damaged in an unknown amount to be proven at trial, plus ancillary charges including liquidated damages, prejudgment interest, audit fees, attorney fees, and costs of collection.

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 7
2:23-cv-00707

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

**Second Cause of Action**
**(Violation of ERISA)**

4.4     The Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.19, above.

4.5     Tapps Electric's failure to cooperate with the Trust Funds' audit constitutes a violation of the applicable trust agreements and gives rise to an action for equitable relief under §502 ERISA, 29 U.S.C. §1132(a)(3).

4.6     As a result of Tapps Electric's failure to cooperate with the Trust Funds' audit, the Trust Funds have been damaged in an unknown amount to be proven at trial.

## V.  REQUESTED RELIEF

The Plaintiff Trust Funds respectfully request the Court grant the following relief against Tapps Electric:

A.     Entry of equitable relief, including an order compelling Tapps Electric to fully comply with the audit and the auditor's document requests;

B.     Upon completion of the audit, should the auditor conclude Tapps Electric failed to properly report and pay fringe benefit contributions to the Trust Funds, then entry of:

    1.     Judgment against Tapps Electric in an amount to be determined at trial for past-due and delinquent fringe benefit contributions as set forth in the audit report, and owed by Defendant pursuant to the terms of the labor and trust agreements to which Tapps Electric is a party;

    2.     Judgment against Tapps Electric in an amount to be determined at trial for liquidated damages as set forth in the audit report, and owed by defendant pursuant to the terms of the labor and trust agreements to which Tapps Electric is a party;

    3.     Judgment against Tapps Electric in an amount to be determined at trial for accrued prejudgment interest as set forth in the audit report, and owed by Defendant pursuant to the terms of the labor and trust agreements to which Tapps Electric is a party;

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 8
2:23-cv-00707

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.   Judgment against Tapps Electric in an amount to be determined at trial for additional prejudgment interest from the date of the audit report until judgment;

5.   Judgment against Tapps Electric in an amount to be determined at trial for audit fees as set forth in the audit report, and owed by Defendant pursuant to the terms of the labor and trust agreements to which Tapps Electric is a party;

C.   An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Tapps Electric is a party, and as authorized under ERISA;

D.   An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

E.   Any other such relief under federal law or as is just and equitable.

Dated: May 12, 2023.                    s/ Jeffrey G. Maxwell
                                        Jeffrey G. Maxwell, WSBA #33503
                                        **Barlow Coughran Morales & Josephson, P.S.**
                                        1325 Fourth Avenue, Suite 910
                                        Seattle, Washington  98101
                                        (206) 224-9900 (t)
                                        jeffreym@bcmjlaw.com

                                        Counsel for Plaintiffs
                                        Puget Sound Electrical Workers Trust Funds

COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY
DAMAGES – 9
2:23-cv-00707